IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL GARRETT WELLS, )<br>     Plaintiff, )<br>)<br>v. )  2:09-CV-855<br>)<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>     Defendant. ) | |

MEMORANDUM AND ORDER

Mitchell: M.J.:

      On July 1, 2009, Daniel Garrett Wells, by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf. For the reasons set forth below, the cross motions for summary judgment (Docket Nos. 11 and 13) will be dismissed without prejudice and the matter will be remanded to the Commissioner for further evaluation and consideration.

      The instant application for Supplemental Security Income Benefits was filed on August 7, 2007 (R.103-106). On November 27, 2007, benefits were denied (R.81-95), and on January 16, 2008 the plaintiff requested a hearing (R.59-61). Pursuant to that request a hearing was held on October 27, 2008 (R.12-44). In a decision filed on January 26, 2009, an Administrative Law Judge denied benefits (R.66-79). The plaintiff requested reconsideration of

that determination and on May 28, 2009, the Appeals Council affirmed the prior determination (R.1-3). The instant complaint was filed on July 1, 2009.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F. 3d 752 (3d Cir. 1994). To be eligible for such benefits, an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

As set forth in 20 C.F.R. § 416.905(a) disability is defined as:

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

> be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
>
> In addition, a person will be considered disabled if he/she is
>
> (a) ... permanently and totally disabled as defined under a State plan approved under title XIV or XVI of the Social Security Act, as in effect for October 1972; (b) ... received aid under the State plan ... for the month of December 1973 and for at least one month prior to July 1973; and (c) ... continue[s] to be disabled as defined under the State plan.

20 C.F.R. § 416.907.

> A physical or mental impairment is defined in 20 C.F.R. §416.908 as an:
>
> impairment [which] result[s] from anatomical, physiological, or psychological abnormalities which [are demonstrated] by medically acceptable clinical and laboratory diagnostic techniques.

For purposes of determining whether or not the plaintiff met the eligibility requirements, certain evidence was considered by the Commissioner.

At the hearing held on October 27, 2008 (R.12-44), the plaintiff appeared with counsel (R. 14) and testified that he was born on September 13, 1966 (R.16); that he earned an associate's degree in air conditioning and refrigeration (R.16) and that he worked at Wal-Mart for a few months in 2005 (R.18).

In addition he testified that he cannot be around people (R.18); that he has difficulty concentrating (R.21,33,35); that he has severe arthritis and has to lay down three or four times a day due to pain (R.22,26,28); that he experiences daily depression (R.34); that he has a "demon" chasing him and he also sees dots (R.21); that he takes medication for pain, arthritis and his mental condition (R.20); that he can occasionally perform some household chores (R.24,26) and that he no longer consumes alcohol or illegal drugs (R.21).

At the hearing a vocational expert was called upon to testify (R.37-40). The witness characterized the plaintiff's prior work as medium to heavy semi-skilled to unskilled work (R.38). When asked to assume an individual of the plaintiff's age, education and work experience who was able to lift ten pounds occasionally, five pounds frequently and stand or walk for three hours and sit for up to six hours, the witness responded that there were a wide range of jobs such an individual could perform (R.38-39). However, if the person were "off task" for unpredictable half hour intervals, the witness responded that he would not be employable (R.40).

In addition, certain other evidence was considered..

The plaintiff was treated by Dr. James Liszewski between June 14, 2007 and October 22, 2007 for severe polyarthritis which was responsive to Prednisone; alcohol abuse and anxiety controlled by medication (R.154-161).

The plaintiff was treated by Dr. Farooq Hassan between November 5, 2007 and November 12, 2007. A diagnosis of polyarthralgias and possible inflammatory arthritis, skin rash, depression and possible chronic pain were made. Blood tests were recommended. A series of bodily x-rays revealed mild degenerative arthritis and partial bone fusions of the foot.

After reviewing the medical evidence and in a residual functional capacity assessment completed on November 19, 2007, it is noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and stand, walk or sit for about six hours. It was also noted that the plaintiff was able to care for his personal needs and perform routine household chores and that his medical treatment was generally successful (R.181-186).

In a report of a psychiatric review completed on November 26, 2007, an anxiety disorder and alcohol abuse were noted. These conditions were said to impose no limitations on the plaintiff (R.187-199).

The plaintiff was treated by Dr. James Liszewski between November 12, 2007 and June 24, 2008 for controlled hypertension, a chronic anxiety disorder which was somewhat improved and chronic polyarthritis. On June 14, 2007, the doctor stated that the plaintiff was disabled and in need of health sustaining medication for his polyarthritis (R.200-202, 212-214).

An assessment by Terri Sharo, CPNR for the period from July 16, 2007 to July 29, 2008 noted that the plaintiff demonstrated the "A" and "B" criteria for a depressive syndrome but that none of the "C" criteria were present (R.203-211).

In a neurological report covering the period from July 16, 2008 through September 4, 2008, Dr. Michael K. Matthews diagnosed possible migraines. A normal EEG was reported (R.215-226).

The plaintiff was treated at the Sharon Regional Behavioral Health Services between March 24, 2008 and September 22, 2008. A history of alcohol and drug abuse and treatment for anxiety and depression were noted (R.237-254).

In a report dated September 28, 2008, Dr. Jason E. Rocks diagnosed a bipolar disorder. The plaintiff was said to be stable and able to function independently outside his home. It was noted by the doctor that the plaintiff met the "A", "B" and "C" criteria for the establishment of a mental disability (R.227-236).

Based on the evidence presented, the Commissioner determined:

>After careful consideration of all the evidence, I conclude the claimant is under a disability, but that a substance use disorder is a contributing factor material to the determination of disability.
>
> * * *
>
>The claimant has the following severe combination of impairments: polyarthralgia, mild arthritis of lumbar spine and pelvis, substance use disorder, mood disorder, and anxiety disorder, hypertension, extra-axial cyst along the right temporal lobe...
>
>The claimant's impairments, including the substance use disorder, meet sections 12.04, 12.06 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d))...
>
>Throughout the relevant period at issue, the claimant has demonstrated severe depressive symptoms, anxiety related symptoms, and he continues to use substances, namely alcohol...
>
>If the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore the claimant would continue to have a severe impairment or combination of impairments...
>
>I find his underlying depressive and anxiety disorder are severe impairments absent his substance use disorder. Furthermore, his polyarthralgia and arthritis limit his exertional capacity to less than the full range of sedentary work activities. Independent of his substance use disorder, I find these musculoskeletal impairments to be severe.
>
>If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d))...
>
>The claimant has been abusing substances for the majority of his lifetime...
>
>Because I find the remaining limitations would not cause at least two "marked" limitations or one "marked" limitation and "repeated

> " episodes of decompensation, the "paragraph B" criteria would not be satisfied if the claimant stopped the substance use...
>
> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform sedentary work...
>
> If the claimant stopped the substance use, considering the claimant's age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that the claimant could perform...
>
> Because the claimant would not be disabled if he stopped the substance use (20 CFR 416.920(g)), the claimant's substance use disorder is a contributing factor material to the determination of disability (20 CFR 416.935). Thus, the claimant has not been disabled within the meaning of the Social security Act at any time from the date the application was filed through the date of this decision. (R.69-79).

The record discloses that while the plaintiff suffers from a large number of physical ailments, these are not of the severity to render him disabled. Rather, it is his mental problems which cause pause. Specifically, his treating psychiatrist noted that for twenty years, he more than met the criteria for demonstrating a disabling affective disorder, 12.04; that he suffered from a schizoaffective bipolar disorder and would be "poor" at making occupational adjustments (R.233-235). Thus, it would appear that these findings warrant a conclusion that the plaintiff is disabled. However, as the Administrative Law Judge corrected noted, the plaintiff also has abused alcohol and controlled substances. But, at the hearing, the plaintiff specifically testified that he had ceased using these substances (R.21).

While we recognize that substance abuse bars the award of benefits where that abuse is a material contributing factor to the determination of disability, 42 U.S.C. 423(d)(2)(C), the plaintiff has testified that he has ceased abusing those substances. Additionally, in the instant case, there is nothing in the record which suggests that plaintiff's former abuse was material to

his disability. Rather, the record suggests that the plaintiff has longstanding physical and mental impairments which might indeed constitute a disability.  Accordingly, the matter must be remanded for a determination of whether or not the plaintiff's substance abuse is material to his disability, and a recognition, if credible, that the plaintiff has terminated his abuse. See: <u>Torres v. Chater</u>, 125 F.3d 166 (3d Cir.1997).

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law.  <u>Biener v. Calio</u>, 361 F.3d 206 (3d Cir. 2004).  In the instant case there are material issues of fact in dispute as to whether the findings of the Commissioner are supported by substantial evidence. For this reason the cross motions for summary judgment will be dismissed, without prejudice, and the matter remanded to the Commissioner for further evaluation and consideration.

An appropriate Order will be entered.

ORDER

AND NOW, this 25th day of November, 2009 for the reasons set forth in the foregoing Memorandum, the cross motions for summary judgment (Docket Nos. 11 and 13) are dismissed, without prejudice, and the matter is remanded to the Commissioner for further evaluation and consideration.

s/ Robert C. Mitchell<br>
United States Magistrate Judge